# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

---

| | |
|---|---|
| THOMAS W. GAMBA : | |
| 2519 S 20th Street : | |
| Philadelphia, PA 19145 : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No.: _____ |
| v. : | |
| : | **JURY TRIAL DEMANDED** |
| UNIVERSAL DENTISTRY PROFESSIONAL : | |
| ASSOCIATION : | |
| 5851 Route 42 : | |
| Blackwood, NJ 08012 : | |
| : | |
| Defendant. : | |

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Thomas W. Gamba ("Plaintiff"), by and through his undersigned attorney, for his Complaint against Universal Dentistry Professional Association ("Defendant"), alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to redress violations by Defendant of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* and the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. § 10:5-1, *et seq*. Additionally, Plaintiff alleges as a result of these violations Plaintiff has suffered damages as set forth herein.

### PARTIES

2. Plaintiff Thomas W. Gamba is a citizen of the United States and Pennsylvania, and currently maintains a residence at 2519 S. 20th Street, Philadelphia, PA 19145.

3. Defendant Universal Dentistry Professional Association ("Defendant") is a corporation duly organized and existing under the laws of the Commonwealth of New Jersey and maintains a place of business located at 5851 Route 42, Blackwood, NJ 08012.

4. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

5. Paragraphs 1 through 4 are hereby incorporated by reference as though the same were more fully set forth at length herein.

6. On or about April 26, 2018, Plaintiff filed a Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Case No. 530-2019-06290. Plaintiff's EEOC Charge was filed within the applicable time limit associated with this dispute.

7. By correspondence dated March 3, 2021, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising Plaintiff had ninety (90) days to file suit against Defendant.

8. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

9. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

10. This is an action authorized and instituted pursuant to the rights protected by the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA").

11. This Court has pendant jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative fact as his federal claims.

12. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendant resides in this district and conducts business therein, and the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were fully set forth at length herein.

14. Plaintiff, Thomas W. Gamba, was born on December 25, 1950, and is currently seventy (70) years old.

15. On or around April 16, 2018, Defendant hired Plaintiff in the position of Dentist at Defendant's Cherry Hill, NJ office.

16. At all times material hereto, Plaintiff received positive performance reviews, consistent praise, and no justifiable discipline.

17. At the time that Plaintiff informed Defendant that he had Pneumonia, Plaintiff did not have a set return date to work.

18. On or around October 15, 2019, approximately ten (10) days after Plaintiff advised Defendant that he had Pneumonia, Plaintiff's employment with Defendant was terminated.

19. Dr. Robert Denmark ("Dr. Denmark") stated Plaintiff's termination of employment was due to Defendant's decision to go in a "different direction" as Plaintiff was "not being productive enough."

20. During every month in which Plaintiff worked a full schedule at Defendant's Cherry Hill, NJ office, collections were at least 125% of the monthly goal set by Defendant.

21. Upon information and belief, during October 2019, Defendant hired a dentist that was approximately 30 years younger than Plaintiff as Plaintiff's replacement.

22. At the time of Plaintiff's unlawful discharge, Plaintiff was sixty-eight (68) years old.

23. In light of the foregoing, Plaintiff avers that the proffered reasons for his termination, i.e., "not being productive enough" were merely pretextual, and that he was actually terminated on account of his age, in violation of the NJLAD.

24. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

## COUNT I
## AGE DISCRIMINATION IN EMPLOYMENT ACT
## 29 U.S.C. § 621, *et seq.*
## DISCRIMINATION

25. Paragraphs 1 through 25 are hereby incorporated by reference as though the same were fully set forth at length herein.

26. Defendant violated the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, in that Defendant unlawfully and illegally discriminated against Plaintiff on the basis of his age at the time of his termination, sixty-eight (68), and on the basis of him being over forty (40) years old.

27. A set forth above, Defendant unlawfully and willfully utilized Plaintiff's age as a criterion in deciding to terminate his employment.

28. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

29. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

30. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and fringe benefits in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Liquidated damages;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**THE NEW JERSEY LAW AGAINST DISCRIMINATION**
**N.J.S.A. § 10:5-1, *et seq.***
**AGE DISCRIMINATION**

32. Paragraphs 1 through 31 are hereby incorporated by reference as though the same were more fully set forth at length herein.

33. Defendant violated the LAD in that Defendant unlawfully and illegally discriminated against Plaintiff on account of his age, being sixty-eight (68) years old at the time of the unlawful discrimination and being over forty (40) years old.

34. Defendant's conduct was intentional, deliberate, willful, and conducted in disregard to the rights of Plaintiff.

35. As a direct and proximate result of Defendant's illegal discrimination, Plaintiff has suffered and will continue to suffer harm, and is entitled to all legal and equitable remedies available under the LAD.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial;

B. Compensatory, exemplary, and/or punitive damages;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances;

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

Date: May 12, 2021

By: */s/ Michael Murphy*
Michael Murphy, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.